**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JONATHAN HOWARD, | ) | CASE NO. 5:20-cv-2460 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| *et al.*, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**Introduction**

*Pro se* plaintiff Jonathan Howard filed a complaint in this matter against the Social Security Administration ("SSA"), "Payment Center in Ohio No. 7," "Social Security of Alabama," and Community Support Services in Akron, Ohio. (Doc. No. 1.) He also filed a motion to proceed *in forma pauperis* (Doc. No. 2), which is granted. For the reasons stated below, however, his complaint is dismissed.

**Background**

Plaintiff's complaint does not set forth cogent, discernible allegations or legal claims with respect to any defendant. Instead, in his complaint plaintiff generally complains about communications he has had with employees at the local Social Security office in Akron (*i.e.*, "Mrs. Poindexter" and "Mr. Scott") and about his access to unspecified social security funds. (Doc. 1 at 4–5.) Among other general and unclear allegations, plaintiff complains that "Social Security knew

my daughter's court date was on 9/2/2020 and held my money until that date stopping me from making it to Alabama." (*Id.* at 6.)

The only legal cause of action plaintiff specifically asserts in the body of his complaint is a violation of Ohio Rev. Code § 2923.32 ("Engaging in pattern of corrupt activity"). The relief he seeks is $900,000 and for "the Court to stop the local [social] security office from anything to do with [his] case or [his] son['s] case." (*Id*. at 6–7.)

Before his complaint was screened in accordance with 28 U.S.C. § 1915(e), plaintiff filed a motion for an attorney (Doc. No. 4) and two motions for "summary judgment." (Doc. Nos. 5, 6.) These motions, like his complaint, are unclear and contain a host of general complaints regarding plaintiff's treatment by employees at social security offices (in Akron and in Alabama) and his access to funds. In his motion for appointment of counsel, plaintiff conclusorily asserts that "defendants committed fraud, wire fraud, pattern of corrupt activity, backdoor deals, theft," and other torts and crimes. (Doc. No. 4 at 2.) In his motions for summary judgment, he makes other conclusory assertions of wrongdoing, including violations of his privacy rights, discrimination (*see* Doc. No. 5 at 3–4), and retaliation (*see* Doc. No. 6 at 2). The only apparent ground plaintiff asserts for judgment in his favor is his assertion that defendants have not responded to his complaint but are "depending on the findings" made in other cases, *i.e*., Case Nos. 5: 20-cv-2139 and 5:20-cv-2224.[1] (*See* Doc. No. 5 at 2, ¶ 2.)

---

[1] These case numbers refer to actions previously filed by plaintiff in state court and dismissed after removal to federal court. *See Howard v. Social Security Administration*, No. 5:20-cv-2139 (N.D. Ohio Dec. 30, 2020) and *Howard v. Social Security Administration,* No. 5:20-cv-2224 (N.D. Ohio Dec. 30, 2020).

**Standard of Review**

Title 28 U.S.C. § 1915(e)(2)(B) requires district courts to screen all *in forma pauperis*

complaints filed in federal court, and to dismiss before service any such action that the court

determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

To survive dismissal for failure to state a claim under § 1915(e)(2)(B), a complaint must set forth

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Hill*

*v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)

for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) applies in determining whether

an *in forma pauperis* complaint is sufficient to survive screening under 28 U.S.C. § 1915(e)(2)(B)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556

U.S. at 678. Although the complaint need not contain detailed factual allegations, its "[f]actual

allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550

U.S. at 555. A plaintiff's obligation to provide grounds for relief "requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

Further, although *pro se* pleadings are generally liberally construed and held to less

stringent standards than formal pleadings drafted by lawyers, principles requiring generous

construction of *pro se* pleadings are not without limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th

Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts need not

conjure up unpled allegations for them or "guess at the nature" of their claims. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## Discussion

Upon review, the Court concludes that plaintiff's complaint must be dismissed pursuant to § 1915(e)(2)(B). Even liberally construed, it does not contain allegations sufficient to state any plausible claim. Rather, the allegations and assertions set forth in plaintiff's pleadings, apparently pertaining to his interactions with SSA offices and his access to unspecified social security funds, are so unclear, vague, and conclusory that they are insufficient to raise a right to relief on any claim against any defendant above a speculative level. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Further, the complaint on its face does not state a plausible claim pertaining to social security benefits under 42 U.S.C. § 405(g), which allows for judicial review of a "final decision of the Commissioner of Social Security made after a hearing." There is no indication in plaintiff's pleadings that he is seeking review of any final agency decision of the Commissioner of Social Security. In addition, torts committed by federal governmental employees acting within the scope of their employment are cognizable, if at all, under the Federal Tort Claims Act (FTCA), which includes a prerequisite that plaintiff administratively exhaust any claim he may have with the appropriate federal agency, and wait for the claim to be denied, before filing a lawsuit. *Harris v. City of Cleveland*, 7 F. App'x 452, 458, 2001 WL 345802, at *5 (6th Cir. 2001). There is no indication that plaintiff has complied with the exhaustion requirement necessary for asserting a tort claim against the United States under the FTCA. Accordingly, to the extent he is asserting

4

state tort claims based on conduct of SSA employees, his complaint is subject to dismissal on this basis as well. *See id.*; *see also Jude v. Comm'r of Soc. Sec.*, 908 F.3d 152 (6th Cir. 2018) (district court lacked jurisdiction over claims that SSA improperly notified recipients of the suspension of their benefits).

In light of the foregoing, plaintiff's pending motions for appointment of counsel (Doc. No. 4) and for summary judgment (Doc. Nos. 5, 6) are all denied. Appointment of counsel in a civil case is not a constitutional right and "is justified only by exceptional circumstances" not present here. *See Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (appointment of counsel is not warranted where a *pro se* litigant's claims are frivolous or his "chances of success are extremely slim"). There is clearly no basis for summary judgment in plaintiff's favor. Plaintiff is proceeding *in forma pauperis*, his complaint has not yet been served, and the Court has now found the complaint insufficient to survive dismissal under 28 U.S.C. § 1915(e)(2)(B).

## Conclusion

For the reasons stated above, plaintiff's complaint is dismissed pursuant 28 U.S.C. § 1915(e)(2)(B), and the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: March 15, 2021

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**